UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Smith, | No. 2:21-cv-01030-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Henry's Holdings, LLC, | |
| Defendant. | |

    Maria Smith alleges she was removed from a grocery store in Sacramento because she was not wearing a mask. First Am. Compl. ¶¶ 1, 9, ECF No. 5. She alleges she has a "disability" or "medical exception" that prevents her from wearing a mask, but she does not identify her disability or medical condition. *See id.* ¶¶ 1, 2, 9. She brought this action under the Americans with Disabilities Act and the California Unruh Civil Rights Act. *See id.* ¶¶ 12–16. The store now moves to dismiss. *See generally* Mot., ECF No. 10; Mem., ECF No. 11. Its motion is fully briefed. *See generally* Opp'n, ECF No. 19; Reply, ECF No. 22. The court submits the motion without oral argument and **grants it with leave to amend**, as explained below.

    The court turns first to the store's jurisdictional argument that it has mooted Ms. Smith's ADA claim by changing its mask policy to include an exception for people with disabilities. *See* Mem. at 14–16. This argument is a "factual" challenge; it "disputes the truth of the allegations

1

that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant mounts a factual challenge to a complaint, the court may "look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The court therefore grants the store's request to take judicial notice of its publicly available masking policy, which makes an exception for people "with disabilities or underlying medical conditions." *See* Request J. Notice ¶ 2 & Ex. 2 at 12, ECF Nos. 12, 12-2.

Even so, the store's new policy does not moot the ADA claim. "[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Otherwise "the courts would be compelled to leave 'the defendant free to return to his old ways.'" *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968) (alterations omitted) (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953)). "Given this concern," the Supreme Court has "explained that 'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Already*, 568 U.S. at 91 (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). The store has not carried that burden. This case is unlike others in which defendants have mooted ADA claims by undertaking costly renovations that almost certainly will not be reversed, such as widening an aisle in a parking lot. *See, e.g., Langer v. Encantado II, LLC*, No. 14-2281, 2015 WL 1499182, at *3 (S.D. Cal. Apr. 1, 2015), *aff'd*, 677 F. App'x 360 (9th Cir. 2017).

Although the ADA claim is not moot, the complaint does not state a claim on which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiffs must include more than "a formulaic recitation of the elements" in their complaints. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Ms. Smith has not done so. She alleges only that she is "disabled" and "cannot wear a mask over her face." First Am. Compl. ¶¶ 2, 9. Such generic claims do not permit the court to infer she has a "disability." *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (summarizing statutory and regulatory

definitions of "disability" under the ADA); *Roman v. BRE Properties, Inc.*, 237 Cal. App. 4th 1040, 1051–52 (2015) (summarizing statutory definitions of disability under the Unruh Act); *see also Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175–78 (9th Cir. 2021) (affirming dismissal of ADA discrimination claim pleaded in formulaic terms).  Nor can the court infer a disability was the reason Ms. Smith could not wear a mask, and thus the reason for her exclusion from the store.  The court therefore also cannot infer she was denied a public accommodation "because of" her disability, an essential element of her claims.  *See Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (interpreting the ADA); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) ("[T]he Unruh Act is coextensive with the ADA . . . .").

Ms. Smith could potentially cure these defects in a further amended complaint.  The motion to dismiss is therefore **granted with leave to amend**.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003).  Any further amended complaint must be filed **within 21 days**.  The pretrial (initial scheduling) conference is **vacated and reset for December 16, 2021 at 2:30 p.m.**

This order resolves ECF No. 10.

IT IS SO ORDERED.

DATED:  October 26, 2021.

CHIEF UNITED STATES DISTRICT JUDGE