UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Smith, | No. 2:21-cv-01030-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Henry's Holdings, LLC, | |
| Defendant. | |

Maria Smith alleges she was excluded from a grocery store in Sacramento in September 2020 because of a disability that prevents her from wearing a mask or face covering. Second Am. Compl. ¶¶ 1, 13, ECF No. 26. She alleges she has a neurological disorder that can cause blurred vision, difficulty concentrating, weakness, and other symptoms if she wears a mask or a face shield. *See id.* ¶¶ 14–19. She brought this action to challenge her exclusion from the store, citing the Americans with Disabilities Act and the California Unruh Civil Rights Act. *See id.* ¶¶ 23–30. The store now moves to dismiss her claims under Federal Rule of Civil Procedure 12(b)(6). Its motion is fully briefed and the court submitted it without a hearing. *See generally* Mot., ECF No. 28; Opp'n, ECF No. 31; Reply, ECF No. 35; Min. Order, ECF No. 36.

The store advances three arguments in favor of dismissal. First, it contends its mask policy was not discriminatory because it was "necessary for the safe operation" of a grocery store given the ongoing coronavirus pandemic. *See* Def. Mem. at 10, ECF No. 28-2 (emphasis

omitted) (quoting 28 U.S.C. § 12182(b)(2)(A)(i)).  Second, the store argues it cannot be liable under the ADA because it offered Ms. Smith a "reasonable modification" of its mask policy by making groceries available online and by offering employees who could shop on her behalf.  *See id.* at 13 (quoting 28 U.S.C. § 12182(b)(2)(A)(ii)).  Third, the store argues it cannot be liable because the ADA does not "require an entity to permit an individual to participate in the services of such entity where such individual poses a direct threat to the health or safety of others." *Id.* at 15 (alterations and emphasis omitted) (quoting 42 U.S.C. § 12182(b)(3)).

Defendant's arguments may ultimately prevail, but they share a crucial flaw at this stage.  Each depends on factual claims and evidence beyond the complaint.  For example, the complaint includes no allegations identifying a particular masking policy the store said was necessary for the safe operation of a grocery store at the time under the terms of the ADA.  Nor does the complaint include allegations about the store's policies or whether it offered alternatives to masks and face shields, such as online shopping or shopping assistants.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  There are exceptions to this general rule, such as the incorporation-by-reference doctrine and judicial notice, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), but the store cannot rely on those exceptions in this case.  None of the evidence it cites is incorporated into the complaint by reference, and although some of the facts undergirding the store's position might be subject to judicial notice, such as the fact that a particular public health authority has issued certain guidance, *see* Def. Mem. at 11, that is not true for most of the store's evidence, such as the conclusions of its retained medical expert, *see* Def. Ex. A, ECF No. 28-3.  Nor is the correct application of that evidence to a grocery store in Sacramento beyond any reasonable dispute.

This is, of course, not the first case about masking polices during the coronavirus pandemic.  It is not even the first case about this particular grocery store's masking policy.  As the store points out, a few months ago, another California district court dismissed a claim by another plaintiff who, like Ms. Smith, had been refused entry and alleged she could not wear a

mask. *See* Mem. at 16 (citing *Giles v. Sprouts Farmers Mkt., Inc.*, No. 20-2131, 2021 WL 2072379 (S.D. Cal. May 24, 2021)). In *Giles*, the district court granted the store's request to take judicial notice of its policy and a number of public health documents, which the plaintiff had cited in her pleadings. *See* 2021 WL 2072379, at *3. The court then relied on those documents in concluding the plaintiff had not stated claims under the ADA and state law. *See id.* at *4–6. In this case, by contrast, Ms. Smith has not incorporated the store's policies or the guidance of public health authorities into her complaint by reference, as explained above. Nor are the implications of public health guidance beyond any reasonable dispute. *See* Fed. R. Evid. 201(b).

It may seem unnecessarily formalistic to ignore the guidance of public health authorities, to turn a blind eye to the opinions of subject matter experts, and to disregard the terms of a publicly available masking policy simply because Ms. Smith has not mentioned that guidance, those opinions or that policy in her complaint. But this court has other tools for avoiding wasteful litigation.

First is Federal Rule of Civil Procedure 11. By presenting a filing, attorneys certify they are not presenting that filing "for any improper purpose," including to increase the costs of litigation needlessly. Fed. R. Civ. P. 11(b)(1). Violations of Rule 11 may subject an attorney to sanctions. *See, e.g.*, Fed. R. Civ. P. 11(c)(3). Congress has also permitted courts to sanction attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. And this court has inherent authority to impose sanctions if doing so is necessary to prevent abuses. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). These rules are particularly crucial for the judges of this District, who manage caseloads of "crisis" proportions. *Vineyard Investigations v. E. & J. Gallo Winery*, 510 F. Supp. 3d 926, 929 n.1 (E.D. Cal. 2021). Going forward, the court trusts the parties and their counsel will carefully consider their obligations under Rule 11 and the other authorities cited above, which this court will not hesitate to enforce.

Second, this court can set an appropriate pretrial schedule under Rule 16. Thirty years ago, the Ninth Circuit recognized Rule 16 as an "important component" of managing what was even then a "torrent of civil and criminal cases." *Johnson v. Mammoth Recreations, Inc.*,

975 F.2d 604, 611 (9th Cir. 1992).  Recent amendments to the Federal Rules of Civil Procedure reenforce the importance of Rule 16 orders in managing cases fairly and efficiently.  *See, e.g.*, Fed. R. Civ. P. 16, Committee Notes to 2015 Amendments (explaining changes intended to reduce early-case delays and to make scheduling conferences more effective).  The Federal Rules also permit a court to consider evidence cited in a motion to dismiss under Rule 56, which governs summary judgment.  *See* Fed. R. Civ. P. 12(d).

Here, the court declines to convert the pending motion to dismiss into a motion for summary judgment under Rule 12(d); however, after reviewing the evidence cited in the store's motion to dismiss, and after reviewing the parties' joint status report, ECF No. 34, the court finds an accelerated Rule 16 schedule for discovery and summary judgment is appropriate.  The court therefore orders as follows:

- The motion to dismiss (ECF No. 28) is **denied**.
- The status (pretrial scheduling) conference is **advanced to February 10, 2022 at 2:30 p.m.** before the undersigned.
- By **February 3, 2022,** the parties shall meet and confer and file a further joint status report proposing an accelerated schedule for discovery and summary judgment motion(s) on the evidence and arguments raised in the motion to dismiss (ECF No. 28).  To guide the parties' discussions, the court anticipates that such a motion for summary judgment could be fully briefed and heard within six months.

IT IS SO ORDERED.

DATED:  January 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE